UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN MATTHEW FINNEGAN,<br><br>                              Plaintiff,<br><br>       -against-<br><br>UBER TECHNOLOGIES INC.;<br>METROPOLITAN POLICE DEPARTMENT,<br><br>                              Defendants. | 1:21-CV-11110 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, filed this action invoking the Fair Debt Collection Practices Act. He sues Uber Technologies, Inc. ("Uber"), of New York, New York, and the Metropolitan Police Department, of Washington, D.C. ("MPD"). Plaintiff seeks damages and injunctive relief. By order dated January 28, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons discussed below, the Court transfers this action to the United States District Court for the District of Columbia.

## BACKGROUND

Plaintiff alleges the following: "The defendant drugged the plaintiff, held him hostage in a vehicle and drove him around Washington, D.C. The defendant then drove him across state lines and left the plaintiff in a parking lot. The [MPD] and Arlington Police Department failed to respond, investigate or produce reports." (ECF. 2, at 4.)

Plaintiff seeks "$1,000,000,000.00 payable to the plaintiff['s] trust." (*Id.*) He also asserts that "[t]he defendant[s] are liable for any and all fees, costs, expenses and damages to the plaintiff and his corporations. The defendants must immed[iately] remit payment for past due and advance payment for future fees, costs, expenses and damages to the plaintiff." (*Id.*) Plaintiff

further asks the Court to order "[t]he defendants [to] surrender any and all documents, emails, audio & video recordings, call logs, account information, statements and any and all other information the plaintiff demands, without restriction." (*Id.* at 5.) In addition, Plaintiff asks the court to order the MPD to "immediately produce a report, investigate and arrest the suspect." (*Id.*)

## DISCUSSION

Under 28 U.S.C. § 1391(b), a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under 28 U.S.C. § 1391(c), a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff asserts that Uber resides in New York, New York, but that the MPD resides in Washington, D.C. (ECF 2, at 2.) Thus, neither this court, nor any other federal district court, is a proper venue for this action under Section 1391(b)(1). Plaintiff also fails to allege that a substantial part of the events or omissions giving rise to his claims occurred in this judicial district. Thus, this court is not a proper venue for this action under Section 1391(b)(2). Because Plaintiff alleges that a substantial part of the events or omissions giving rise to his claims occurred in Washington, D.C. (*id.* at 4), however, the United States District Court for the District of Columbia is a proper venue for this action under Section 1391(b)(2). Accordingly, the Court

transfers this action to the United States District Court for the District of Columbia. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Columbia. 28 U.S.C. § 1406(a). A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   January 31, 2022
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge